# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:03-CV-998 CAS |
| ) | |
| THREE HUNDRED FIFTY THREE ) | |
| THOUSAND SIX HUNDRED THIRTY ) | |
| DOLLARS ($353,630.00) IN UNITED ) | |
| STATES CURRENCY, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on a "Motion for Relief from Order Adopting Settlement Agreement and Mutual Release of Claims Involving Robert R. Reiner, as Attorney-in-Fact for Robert F. Reiner, and David A. Sosne, Duly Appointed and Acting Trustee of the Bankruptcy Estate of Robert R. Reiner, Case No. 03-41237-399." The motion is brought pursuant to Rule 60(b)(4), Federal Rules of Civil Procedure. The government opposes the motion. The claimant has filed a reply memorandum and the government was granted leave to file a sur-response. The matter now is fully briefed and the Court will deny claimant's motion for the following reasons.

**Background**.

On July 24, 2003, the United States of America filed a Verified Complaint of Forfeiture in this action, captioned as <u>United States of America v. Three Hundred Fifty Three Thousand Six Hundred Thirty Dollars in United States Currency</u>, Case No. 4:03-CV-998 CAS. The United States alleged in the Verified Complaint that the defendant property seized from Robert R. Reiner was involved in financial transactions which were structured to evade the reporting requirements of 31 U.S.C.

§ 5313(a)[1] and in violation of 31 U.S.C. § 5324, and therefore was subject to civil forfeiture pursuant to 31 U.S.C. 5317(c)(2) and subject to the procedures found at 18 U.S.C. § 981(a)(1)(A). See Verified Complaint, ¶ 3.

The parties entered into a settlement agreement and mutual release of claims pursuant to which Robert R. Reiner as attorney-in-fact for Robert F. Reiner would receive back $80,000.00 of the seized currency; David A. Sosne, trustee of the bankruptcy estate of Robert R. Reiner would receive $30,000.00 of the currency; and the remaining $243,630.00 would be forfeited to the United States Government. On October 29, 2004, the Court issued an order adopting the parties' settlement agreement and mutual release of claims.

In the instant motion under Rule 60(b)(4), Fed. R. Civ. P., claimant Robert R. Reiner, as attorney-in-fact for Robert F. Reiner ("claimant"), asserts that the United States was without authority to institute and pursue civil forfeiture proceedings and that the Court lacked subject matter jurisdiction to hear, adjudicate and enter orders and judgments pursuant to 31 U.S.C. § 5317(c)(2).

**Legal Standard**.

Relief under Rule 60(b) is an extraordinary remedy that normally lies within the discretion of the trial court. Design Classics, Inc. v. Westphal (In re Design Classics, Inc.), 788 F.2d 1384, 1386 (8th Cir.1986). Rule 60(b)(4) authorizes a district court to grant relief from void judgments. Relief from a void judgment pursuant to Rule 60(b)(4) is not discretionary. Kocher v. Dow Chem. Co., 132 F.3d 1225, 1229 (8th Cir.1997). The basis for a Rule 60(b)(4) motion is that the court lacked jurisdiction of the subject matter or over the parties, or acted in a manner inconsistent with due process of law. Chambers v. Armontrout, 16 F.3d 257, 260 (8th Cir. 1994) (citing 11 Wright &

---

[1]Section 5313(a) of Title 31 requires financial institutions to file reports of currency transactions involving more than $10,000.00.

Miller, Federal Practice and Procedure § 2862, at 198-200 (1973)). A judgment is not void merely because it is erroneous. Id.

"Where a party has failed to appeal an adverse judgment, her Rule 60(b)(4) motion will not succeed merely because the same argument would have been successful on direct appeal." Kocher, 132 F.3d at 1229. "A Rule 60(b)(4) motion to void the judgment for lack of subject matter jurisdiction will succeed only 'if the absence of jurisdiction was so glaring as to constitute a "total want of jurisdiction" or a "plain usurpation of power" so as to render the judgment void from its inception.'" Id. at 1230 (quoting Kansas City S. Ry. Co. v. Great Lakes Carbon Corp., 624 F.2d 822, 825 (8th Cir.) (en banc), cert. denied, 449 U.S. 955 (1980)). "Stated another way, such plain usurpation of power occurs when there is a 'total want of jurisdiction' as distinguished from 'an error in the exercise of jurisdiction.'" Hunter v. Underwood, 362 F.3d 468, 475 (8th Cir. 2004) (quoting Kansas City S. Ry., 624 F.2d at 825.) "[A] judgment is not void for lack of subject matter jurisdiction unless 'no arguable basis' for jurisdiction existed." Kocher, 132 F.3d at 1230 (citations omitted).

**Discussion**.

As stated above, claimant asserts that the United States was without authority to institute civil forfeiture proceedings and that the Court lacked subject matter jurisdiction to enter an order of civil forfeiture pursuant to 31 U.S.C. § 5317(c)(2). The basis of claimant's argument is that Section 5317(c)(2) did not become effective until adoption of the PATRIOT Act on October 26, 2001, and the transactions at issue occurred in January and February 2001. Claimant contends that prior to October 26, 2001, assets were not civilly forfeitable for structuring transactions to avoid the reporting requirements of Section 5316. Thus, claimant asserts that the settlement agreement and mutual release of claims is void ab initio and should be set aside. In his reply memorandum, claimant further

asserts that even if the Court had subject matter jurisdiction to enter a civil forfeiture order, the forfeiture was in violation of the Eighth Amendment's Excessive Fines Clause.

The government responds that prior to enactment of the PATRIOT Act on October 26, 2001, it had the authority to forfeit structured funds involved in a transaction in violation of 31 U.S.C. §§ 5313(a) or 5324(a), based on the provisions of 18 U.S.C. § 981(a)(1)(A). Prior to its amendment on October 26, 2001, this statute provided in pertinent part:

> (a)(1) The following property is subject to forfeiture to the United States:
>
> (A) Any property, real or personal, involved in a transaction or attempted transaction in violation of section 5313(a) or 5324(a) of title 31, or of section 1956 or 1957 of this title, or any property traceable to such property. However, no property shall be seized or forfeited <u>in the case of a violation of section 5313(a) by a domestic financial institution</u> examined by a Federal bank supervisory agency or a financial institution regulated by the Securities and Exchange Commission or a partner, director, or employee thereof.

18 U.S.C. § 981(a)(1)(A) (1986) (emphasis added).

The government asserts that 31 U.S.C. § 5317(c) was enacted in its present form by Section 372 of the PATRIOT Act, and is simply a re-codification of pre-existing forfeiture provisions that were present in the former version of 18 U.S.C. § 981(a)(1)(A). Thus, the government asserts that although it referenced the wrong statutory section in the Verified Complaint, it had the authority to seek forfeiture of the currency and this Court had subject matter jurisdiction over the action.

Claimant replies that under the former version of 18 U.S.C. § 981(a)(1)(A), there was no authority or jurisdiction to seek civil forfeiture of assets involving domestic financial institutions examined by a federal bank supervisory agency or financial institution examined by the SEC unless those assets have an international involvement which run afoul of the reporting requirements. Claimant asserts there was no such international involvement in the case of the currency at issue, and therefore forfeiture was improper.

4

The Court concludes that it had subject matter jurisdiction over the forfeiture of claimant's assets. The government is correct that prior to October 26, 2001, it had the authority under 18 U.S.C. § 981(a)(1)(A) to seek forfeiture of assets involved in a transaction in violation of 31 U.S.C. §§ 5313(a) or 5324(a). The fact that the government cited the wrong statutory basis for the forfeiture does not destroy subject matter jurisdiction. The claimant's interpretation of § 981(a)(1)(A) as excluding forfeiture of any assets involving domestic financial institutions in the absence of international involvement is without legal merit. The plain language of the statute provided an exemption from asset seizure or forfeiture where 31 U.S.C. § 5313(a)'s reporting requirements were violated by a domestic financial institution itself. The statute did not create an exemption from liability for a party who used one or more domestic financial institutions in conducting structured transactions, as was alleged to have occurred in this case.

With respect to claimant's Eighth Amendment excessive fines argument, the government responds that claimant's argument fails for three separate reasons: (1) such a claim is not cognizable in a Rule 60(b)(4) motion because it does not concern the existence of subject matter jurisdiction; (2) claimant is barred from raising such a claim because the parties' settlement agreement includes a release of the United States "of and from any and all liability, claims or causes of action whatsoever at law or in equity, whether now known or hereinafter discovered . . . ."; and (3) as to the merits, structuring is a more serious offense than failure to report, and involves an innocent intermediary–the bank–and therefore full forfeiture is not excessive, citing United States v. Ahmad, 213 F.3d 805 (4th Cir.), cert. denied, 531 U.S. 1014 (2000).

The Court agrees with the government that claimant's Eighth Amendment excessive fines argument does not implicate the Court's jurisdiction. Even if an excessive fines argument could succeed on its merits, it does not show a "total want of jurisdiction or a plain usurpation of power

so as to render the judgment void from its inception." See Kocher, 132 F.3d at 1230 (internal citations and quotation omitted). The Court therefore does not address the merits of claimant's Eighth Amendment argument or the government's waiver argument.

**Conclusion**.

For the foregoing reasons, the Court concludes that it had subject matter jurisdiction to order forfeiture of the subject currency in this case. Claimant's motion for relief pursuant to Rule 60(b)(4), Fed. R. Civ. P., should therefore be denied in all respects. Claimant's assertions that the forfeiture violated the Eighth Amendment's excessive fines clause are not cognizable under Rule 60(b)(4).

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Relief from Order Adopting Settlement Agreement and Mutual Release of Claims Involving Robert R. Reiner, as Attorney-in-Fact for Robert F. Reiner, and David A. Sosne, Duly Appointed and Acting Trustee of the Bankruptcy Estate of Robert R. Reiner, Case No. 03-41237-399 is **DENIED**. [Doc. 37]

/s/ Charles A. Shaw

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 21st day of July, 2005.